R. M. Winn's Adm'r *v.* R. Wilkins et al.

Bills of exchange and promissory notes: accommodation acceptor can-
not defend for fraud practised on the drawer.—An accommodation
acceptor of a bill of exchange, cannot set up as a defence to an action against
him on the bill by the holder, the fraud of the payee, in procuring the bill from
the drawer; and the drawer will not, for such a cause, be entitled to an injunc-
tion against the holder, restraining him from collecting the bill from the
acceptor. Handy, J., dissented.

Appeal from the District Chancery Court at Yazoo City. Hon.
S. S. Wright, vice-chancellor.

Winn filed his bill in the court below against Wilkins, Barnett,
and Michie, for the purpose of perpetually enjoining Michie from
collecting or transferring a bill of exchange, which had been drawn
by him on Barnett, and accepted by him in favor of Wilkins, and
by the latter indorsed to Michie.

It appears, from the pleadings and proof, that Winn and Wilkins
had been partners in trade, and that Winn had filed a bill against
Wilkins, for the purpose of procuring a settlement of the partner-
ship business. The matters in controversy between them were re-
ferred to arbitrators, who awarded, that Winn should have all the
partnership assets, and should pay Wilkins $500, and all debts due
by the firm. Among the assets were accounts to the amount of
$1700, represented by Wilkins to be due to the firm; and, it was
further awarded on that point, that the draft in controversy should
be given, in part payment of the $500 awarded to Wilkins, by
Winn to Wilkins, payable in thirty days; and should, after its
acceptance by Barnett, remain with a third person, until it could
be ascertained by Winn whether the accounts were all due to the
firm, as represented by Wilkins; and, if it should be ascertained
that any were paid, or fictitious, that then the amount so found to
be paid, or fictitious, should be deducted from the draft. The draft
was drawn in pursuance of this agreement, and presented by Wil-
kins to Barnett, who accepted it for the accommodation of the

drawer. After the draft was accepted, Wilkins failed to deposit it; but, in due course of time, and for a valuable consideration, assigned it to Michie. It was soon afterwards discovered that, of the accounts represented by Wilkins to be due to the firm, over the amount of the draft had been paid to Wilkins. Thereupon, Winn demanded possession of the draft from Michie, which, being refused, he filed this bill.

On final hearing, in the court below, the vice-chancellor dismissed the bill; from which decree this appeal is prosecuted.

*Gibbs* and *Bowman*, for appellants.

*N. G.* and *S. E. Nye*, for appellee.

FISHER, J., delivered the opinion of the court.

This was a bill filed by the drawer of an inland bill of exchange, which had been accepted by the drawee, and indorsed by the payee to an innocent party for a valuable consideration, to enjoin such party from collecting the bill from the acceptor. The bill was drawn, payable to the order of the payee, thirty days after date, and was delivered to him for the purpose of procuring the drawee's acceptance, with the understanding that, when the bill was accepted, it should remain in the hands of a third party, until the drawer could ascertain, whether the payee would be indebted to the drawer on account of certain matters which had been submitted to arbitration by the said parties. Instead of leaving the bill in the possession of the third party, after its acceptance by the drawer, the payee transferred it, in due course of business, to Michie. The question for decision is, whether the acceptor can set up, as a defence, the fraud practised by the payee upon the drawer of the bill. The acceptor, being the party primarily liable on the bill, could only set up as a defence against a suit by the indorsee of the payee, some matter originating between the acceptor and payee, before notice to the former of the assignment of the bill. This being the attitude of the case, it follows that the drawer can insist on nothing which the acceptor could not interpose as a defence to defeat a recovery by the holder. The rule would be different, perhaps, if the holder

sought to hold the drawer liable.    Of this, however, we are not required to intimate an opinion.

Decree affirmed.

HANDY, J., dissented, as follows:

I am unable to take the same view of this case as that taken in the opinion of the court.

The bill which forms the subject of the controversy, was drawn by Winn, payable to Wilkins, and accepted by Barnett, for the accommodation of Winn.    It was afterwards negotiated to Michie, for value, in the due course of his business.    It was not executed for the purpose of raising money upon it.

The consideration as between Winn and Wilkins failed, and the question is, whether Barnett, as an accommodation acceptor, is entitled to set up the failure of consideration as between Winn and Wilkins.

I take it to be clear, that, if Michie had sued Winn on the bill, it would have been entirely competent for Winn to avail himself of the defence of failure of consideration.    Unquestionably he could have done so, if bills of exchange are embraced in the anti-commercial rule established by the Act of 1822, by which a party primarily liable on a bond or other negotiable security for the payment of money, is allowed to make defence in a suit by the indorsee or assignee, for " all want of lawful consideration, failure of consideration, payments, discounts, and sets-off between the original parties."    And it is settled, that bills of exchange are embraced in that statute.    *Kershaw* v. *Merchants' Bank of New York*, 7 How. 391.

In what, then, does the attitude of Barnett differ in this respect from that of Winn ?    He is an accommodation acceptor, with no other consideration moving to him, than that applicable to Winn. His obligation is, therefore, directly connected, so far as a consideration is necessary to support it, with that of Winn; and if there is a failure, as to Winn, there must be one as to Barnett, who occupies substantially the situation of a mere surety for Winn.

Suppose Barnett, for the accommodation of Winn, and at the request of Wilkins, had given his note to Wilkins, under the circumstances of this case, instead of accepting this bill, and that

Wilkins had then transferred the note to Michie, for value, I think it cannot be doubted, under the universally received construction of our statute, that Barnett, in an action against him on that note, could have defeated a recovery on the ground of failure of consideration. And if the statute be applicable to bills of exchange, the same defence was competent and available in this case.

The controlling question then is, was there a consideration for the bill sufficient to support it? Barnett stood in the position of Winn, as to the consideration, and that having failed as to Winn, Barnett had the right to be relieved from the payment of his acceptance, by reason of the failure of consideration.